HASS *v.* BOOTH.

1. NEGLIGENCE — SIGNS—STREETS—FALLING SIGN—SIDEWALKS—IN-
JURY TO PEDESTRIAN.

> In an action for personal injuries resulting from a sign
> falling upon the sidewalk in a city street, and striking
> plaintiff, it was error to direct a verdict for the defendant,
> owner of the sign, on the ground that he employed an
> independent contractor, who was reputable and competent,
> to suspend the sign.

2. SAME.

> Pedestrians upon the street have the right to absolute safety
> while exercising ordinary care and prudence: sign boards
> or other projections or encroachments so situated that if
> they fall they may do injury to travelers are nuisances
> unless so secured as to be perfectly safe; the person main-
> taining them is liable for all injuries arising from the
> falling of such obstruction except in cases of inevitable
> accident.[1]

3. SAME—NUISANCE—HIGHWAYS AND STREETS.

> It has frequently been held that any encroachment upon a
> street, either on or above the surface, of a permanent
> nature, which endangers or interferes with its use, is a
> public nuisance.

4. SAME—PERSONAL INJURIES.

> Where plaintiff's attorney did not contend that the owner
> of the sign must maintain it at his peril in an absolutely
> safe condition, but took the ground that he was chargeable
> with a very high degree of care, the court should have
> submitted the question to the jury on that theory of negli-
> gence.

5. SAME—MUNICIPAL CORPORATIONS.

> The duty of the defendant was not lessened by the alleged
> fact that he had secured the right to maintain the structure
> in or above the street for advertising purposes from the
> city council, or by the possibility that the municipality

---

[1] As to the liability of an abutting owner for injury from falling
of object suspended over street, see notes in 12 L. R. A. (N. S.)
721 and 24 L. R. A. (N. S.) 139.

through failure to cause the removal of the nuisance might be held liable.

6. SAME—EVIDENCE— CERTIFICATE OF PUBLIC INSPECTOR—RES IPSA LOQUITUR.

The certificate of the inspector from the department of building that the sign had been inspected, unsupported by proof that the inspection was adequately or carefully made, or that the defect in the sign was latent, did not establish a defense to the action; plaintiff's evidence tending to show that seven months had elapsed and no one had inspected the sign, presented an issue of fact for the jury.

Error to Wayne; Murphy, J. Submitted April 22, 1914. (Docket No. 112.) Decided July 25, 1914.

Case by Bessie Hass against Frank E. Booth for personal injuries. Judgment for defendant. Plaintiff brings error. Reversed.

*Florian, Moore & Wilson,* for appellant.

*Charles E. Duffy* (*William G. Fitzpatrick,* of counsel), for appellee.

BROOKE, J. At about 2 o'clock in the afternoon on the 13th day of July, 1912, plaintiff was passing along Gratiot avenue near its intersection with Woodward avenue in the city of Detroit. When she had almost reached the corner, a sign 8 feet long, 4 feet wide and 8 inches thick, maintained by the defendant for advertising purposes, and suspended between 20 and 25 feet above the sidewalk, fell. In falling it struck plaintiff, causing the injury of which complaint is made. The sign had been erected two years and two months prior to the accident by Walker & Co., competent and reputable sign builders of the city of Detroit. On December 13, 1911, exactly seven months prior to the happening of the accident, the sign was inspected by an inspector from the department of buildings of the city of Detroit, who issued to the defendant the following certificate:

"This certifies that the sign projecting from the building at the northeast corner of Woodward and Gratiot avenues has been inspected and found to be in safe condition. [Signed]
                    "DEPARTMENT OF PUBLIC BUILDINGS."

The defendant, being examined under the statute by plaintiff's counsel, testified as follows:

"*Q.* And from the time that Walker & Co. installed that sign until the time of the accident you yourself gave no inspection?
"*A.* I would look at the sign occasionally.
"*Q.* Did you test it in any way?
"*A.* No, sir.
"*Q.* The only inspection that that sign got was from the department of buildings?
"*A.* That is all I know of, yes."

The record discloses that at the time of the occurrence of the accident there was no unusual atmospheric disturbance.

The declaration charged the defendant with negligence in the construction of the sign in question, negligence in the maintenance of the sign, and negligence in failure to properly inspect. The court directed a verdict for the defendant, holding that, he having engaged a competent and reputable contractor for the purpose of erecting the sign, he was therefore absolved from liability based upon a negligent erection. The court further held upon this point that plaintiff's action, if any, would be against Walker & Co. as an independent contractor. This instruction was erroneous. See *Lauer* v. *Palms,* 129 Mich. 671 (89 N. W. 694, 58 L. R. A. 67), and authorities there cited. Also *McHarge* v. *Newcomer,* 117 Tenn. 595 (100 S. W. 700, 9 L. R. A. [N. S.] 298). The court below then held that there was no evidence sustaining the charge of negligent maintenance of the sign, and that the inspection by the appropriate city department was adequate. It was and is the contention of the defendant,

which view was accepted by the court below, that the record was entirely barren of evidence indicating any negligence on the part of the defendant which contributed to plaintiff's injury, and that to permit a recovery would be to allow the jury to indulge in conjecture as to the cause of the accident, and ultimately to base their verdict upon the single fact that the sign had fallen and the plaintiff was injured. We are not able to agree with this view of the case. It may be stated at the outset that the authorities as to the liability of one for injury, occasioned to a pedestrian lawfully upon the street, by the falling of a sign or awning maintained by the owner or occupier of a building, and suspended over the sidewalk, are not harmonious. In most jurisdictions it is held that the doctrine of *res ipsa loquitur* applies, but that the defendant may avoid recovery by affirmative proof showing that he had exercised ordinary care. The question is fully discussed in *Waller* v. *Ross,* 100 Minn. 7 (110 N. W. 252, 12 L. R. A. [N. S.] 721, and note, 117 Am. St. Rep. 661, 10 Am. & Eng. Ann. Cas. 715). A later case upon the subject is *McCrorey* v. *Garrett,* 109 Va. 645 (64 S. E. 645, 24 L. R. A. [N. S.] 139). In the latter case the defendant was held liable for injury occasioned by a falling awning maintained without legislative authority, regardless of the question of his negligence, either as to its construction or maintenance. In that case it is said:

"So far as the right of the public to travel unmolested over the highway is concerned, the dominion of the people is absolute, and is not confined to obstructions on the surface of the street, but extends with equal emphasis to encroachments upon the public right either below or above the surface. Indeed, an obstruction above the street that may injure the traveler is. more dangerous than one on the ground, because the latter is more readily seen and avoided"—citing 1 Wood on Nuisances (3d Ed.), § 275, pp. 141, 142;

Elliott on Roads and Streets, vol. 2 (3d Ed.), §§ 790, 830; 2 Dillon on Municipal Corporations (4th Ed.), § 1033.

In 1 Wood on Nuisances, *supra,* it is said:

"Every person in traveling upon a public street has a right to absolute safety, while in the exercise of ordinary care, against all accidents arising from obstructions of or imperfections in the street, and this applies as well to what is in the street as to what is over it. * * * It would seem that all signboards, cornices, blinds, awnings, and other things projecting over a walk, or so situated with reference thereto that if they fall they may do injury to travelers, are nuisances unless so secured as to be absolutely safe, and the person maintaining them is liable for all injuries arising therefrom, except such as are attributable to inevitable accident."

This court has never had occasion to determine exactly what degree of care would absolve from liability one who maintains a sign or awning over a public street for his own purpose in case said sign or awning fell upon a foot passenger lawfully occupying the sidewalk thereunder. It has frequently been held that any encroachment upon a street, either on or above the surface, of a permanent nature, which endangers or interferes with its use, is a public nuisance. 2 Dillon on Municipal Corporations (4th Ed.), §§ 586, 587, 730, 1032; *Wood* v. *Mears,* 12 Ind. 515 (74 Am. Dec. 222); *Van O'Linda* v. *Lothrop,* 21 Pick. (Mass.) 292 (32 Am. Dec. 261); *Raymond* v. *Keseberg,* 84 Wis. 302 (54 N. W. 612, 19 L. R. A. 643); *Sikes* v. *Town of Manchester,* 59 Iowa, 65 (12 N. W. 755); *Welsh* v. *Wilson,* 101 N. Y. 254 (4 N. E. 633, 54 Am. Rep. 698). The English courts come very near to holding that the duty to maintain such a structure in safety is an absolute one. *Tarry* v. *Ashton,* L. R. 1 Q. B. Div. 314. See, also, *Roberts* v. *Mitchell,* 21 Ont. App. Rep. 433.

182 Mich.—12.

In this case plaintiff does not contend that defendant must maintain such a structure at his peril. He urges, however, that one who maintains, suspended over the sidewalk of a crowded city for his own purpose, a sign or other structure, which if permitted to fall is liable to kill or injure those lawfully using the sidewalk beneath it, should be charged with a very high degree of care. It is unnecessary, therefore, in the instant case to say more than that the plaintiff's contention as to defendant's duty is warranted by the law. This duty is not lessened by reason of the fact that the offending party may have secured the right to maintain said sign from the legislative authority of the municipality, nor by the further fact that the municipality itself, through a failure to cause the removal of such sign or structure as a nuisance, might itself be liable under the authorities last cited. The facts in the case at bar disclose more than the simple falling of the sign. They show that the defendant for seven months prior to the day of the accident had caused no inspection to be made of the structure. The certificate of the inspector from the department of buildings proves nothing. It does not show whether the inspection was adequate or inadequate. Nor does it have a tendency even to prove that the sign fell because of a latent instead of a patent defect. The language of Mr. Justice OSTRANDER in the case of *Scott* v. *Athletic Association,* 152 Mich. 684 (116 N. W. 624, 17 L. R. A. [N. S.] 234, 125 Am. St. Rep. 423, 15 Am. & Eng. Ann. Cas. 418), is applicable:

"The testimony goes much beyond proving merely an accident and resulting injury. That relied upon to show that defendants exercised due care tends to prove that the stand was erected by a competent and experienced builder, of good materials; that before it was used it was inspected by engineers and others admittedly competent to perform the work of inspection, who pronounced it safe. It is clear, however, that a

wholly inadequate structure was in fact tendered for public use, and it cannot be determined, upon this record, as a matter of law, that a latent and not a patent defect, discoverable in the exercise of proper care, existed."

See, also, *Barnowsky* v. *Helson*, 89 Mich. 523 (50 N. W. 989, 15 L. R. A. 33) ; *Lauer* v. *Palms, supra.*

The question of defendant's negligence, under proper instructions as to his duty in the premises, should have been submitted to the jury.

The judgment is reversed, and a new trial ordered.

McAlvay, C. J., and Kuhn, Stone, Ostrander, Bird, Moore, and Steere, JJ., concurred.