BROWN *v.* NICHOLS.

1. Highways and Streets—Encroachments.

The public has the right to the use of the public streets and sidewalks free from encroachments which, because of their location or condition, are a menace to the traveler.

2. Same—Encroachments—Nuisance.

Encroachments upon the public streets or highways which endanger those rightfully upon the streets constitute a nuisance which, if resulting in injuries to the public, may result in imposition of liability therefor upon those who maintain the encroachments.

3. Same—Encroachments In or Over Street.

The right of every person traveling on the public street to absolute safety while in the exercise of ordinary care, against all accidents arising from obstructions of or imperfections in the street applies as well to what is in the street as to what is over it.

---

References for Points in Headnotes

[1–6] 25 Am Jur, Highways § 272 *et seq.*
[1–6] Liability for injury from door or gate swinging into street or sidewalk. 77 ALR 1116; 16 ALR2d 1172.
[7] 53 Am Jur, Trial §§ 510, 512–514.
[8] 39 Am Jur, Nuisances § 145.

4. SAME—SWINGING DOORS.

Party who maintains swinging doors . which swing over the public street or sidewalk is liable for all injuries arising therefrom, except such as are attributable to inevitable accident.

5. SAME—ABUTTING OWNERS—BUILDINGS.

An abutting owner has no right to erect and maintain a building adjacent to the public highway that is dangerous to persons traveling thereupon, by reason of the materials in, or the manner of, its construction.

6. NUISANCE — PLEADING — EVIDENCE — REQUESTS TO CHARGE — INSTRUCTIONS.

Plaintiff who pleaded that defendant tavern keeper maintained a nuisance by having swinging doors of entrance that opened over public sidewalk and produced testimony in support thereof was entitled to have jury instructed on. law relating to nuisance and not have its requests to charge on subject of nuisance completely ignored, even though proffered requests to charge were inadequate in that they did not completely set forth elements essential to a determination by the jury of the existence or nonexistence of a nuisance.

7. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.

It is the duty of the court to present to the jury the substantial issues in the cause, and to state to them the principles of law governing the rights of the parties, whether any specific instructions are requested by counsel or not and the court's failure to do so constitutes reversible error.

8. NUISANCE—QUESTIONS FOR COURT AND JURY—PROXIMATE CAUSE.

The question as to what constitutes a nuisance is one of law for the court, but it is for the jury to decide whether a particular act or structure or use of property, which is not a nuisance *per se*, is a nuisance in fact and whether an alleged nuisance is the cause of the losses or injuries complained of and to what extent such losses or injuries are attributable to the nuisance.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 6, 1953. (Docket No. 5, Calendar No. 45,343.) Decided November 27, 1953.

Case by Diana Brown against Louis P. Nichols and another, copartners doing business as Citadel Cocktail Lounge, for injuries sustained when she

was hit by door opening over sidewalk. Verdict and judgment for defendants. Plaintiff appeals. Reversed and new trial granted.

*Markle, Markle & Eubank,* for plaintiff.

*Davidson, Kaess, Gotshall & Kelly (Roy P. Nelson,* of counsel), for defendants.

Adams, J. Diana Brown, plaintiff and appellant, appeals from a judgment of no cause of action entered in favor of Louis P. Nichols and Stephen Michaels, defendants and appellees, who are the owners of a tavern located on Griswold street in the city of Detroit known as the Citadel Cocktail Lounge.

On March 21, 1949, the plaintiff and her sister-in-law were shopping in downtown Detroit. In mid-afternoon while returning to their car, they walked north along Griswold street. As they passed the entrance to defendants' place of business, a woman, whose identity is unknown, opened the door of the tavern entrance from the inside. The door was hinged in such a manner that it swung entirely out and over the sidewalk and as it opened the outside edge struck the plaintiff in the forehead knocking her to the ground and inflicting injuries which required medical attention.

At the time of the accident plaintiff was talking with her sister-in-law but was looking straight ahead and walking in a normal fashion. Neither the defendants nor their employees knew that an accident had occurred until sometime afterwards.

Suit was commenced to recover damages for plaintiff's pain and suffering. In her declaration she alleged that the door to defendants' place of business "is so installed and hinged that when opened it swings out, over and across the public sidewalk for a distance of approximately 40 inches, creating

thereby an unreasonable risk of harm to passers-by lawfully upon said sidewalk, and constituting a public nuisance." She further alleged negligence on the .part of the defendants in maintaining the door in a dangerous condition. Both allegations were denied in defendants' answer. At the conclusion of the testimony and after both parties had rested, plaintiff, in writing, requested the court to charge the jury in part as follows:

"1. One who occupies or has control over premises abutting upon a busy highway may make use of the highway to the extent that he does not interfere with the paramount right of foot travelers;

"2. An instrumentality which in its normal occupation may inflict sudden and serious injury on a pedestrian lawfully walking on the public sidewalk, is inherently dangerous and constitutes a nuisance each time it is so used as to interfere with such pedestrians."

In the charge to the jury the court reviewed briefly the facts shown by the testimony and followed with an extended analysis of the law of negligence and contributory negligence. In the charge appears the following statement:

"In order that the plaintiff, Diana Brown, may recover in an action of this character, it is essential under our law that she shall satisfy you jurors by a preponderance of the evidence, of 2 essentials. These 2 essentials are: First, that the accident was caused through the negligence of the defendants; secondly, that there was no contributory negligence on the part of the plaintiff; * * * In other words, the plaintiff cannot recover unless she satisfies you jurors of the 2 essentials which I have spoken to you about."

No reference was made to plaintiff's claim that defendant was maintaining a nuisance by permitting the door to swing out and over the sidewalk, nor did

the court submit rules or principles related to the law of nuisance as a guide for the jury in its deliberations.

A judgment was entered against the plaintiff and in favor of defendants based upon the jury's verdict, and plaintiff then moved for a new trial alleging numerous errors, including the court's failure to give plaintiff's request to charge to the jury. The motion was denied.

It is an accepted rule in this State that the public has the right to the use of the public streets and sidewalks free from encroachments which, because of their location or condition, are a menace to the traveler. When such encroachments endanger those who are rightfully upon the streets, they constitute a nuisance and those who maintain them may be held liable for resulting injuries to the public.

"Every person in traveling upon a public street has a right to absolute safety, while in the exercise of ordinary care, against all accidents arising from obstructions of or imperfections in the street, and this applies as well to what is in the street as to what is over it. * * * It would seem that all signboards, cornices, blinds, awnings, and other things projecting over a walk, or so situated with reference thereto that if they fall they may do injury to travelers, as well as things set against the building, or swinging doors, are nuisances, unless so secured as to be absolutely safe, and the person maintaining them is liable for all injuries arising therefrom, except such as are attributable to inevitable accident." 1 Wood, Nuisances (3d ed), § 275, as quoted in Hass v. Booth, 182 Mich 173, and Grimes v. King, 311 Mich 399, 411.

" 'He has no right to erect and maintain there a building that is dangerous, by reason of the materials used in, or the manner of, its construction.' " Wood, Nuisances (1st ed), § 113, as quoted with approval in Wilkinson v. Detroit Steel & Spring Works, 73 Mich 405, 416.

" 'There is a manifest propriety in denying the privilege of encroachment upon streets.' " *Forbes* v. *City of Detroit,* 139 Mich 280, as quoted with approval in *1426 Woodward Avenue Corp.* v. *Wolff,* 312 Mich 352, 371.

In the instant case, plaintiff has alleged in her declaration that the defendants are maintaining a nuisance. Upon trial, testimony was offered from which the jury could, with some reason, have found that a nuisance existed. Following the proofs, plaintiff requested that certain charges relating to the law of nuisance be submitted to the jury. We must conclude, therefore, that the trial court was cognizant of the issues presented by the pleadings and proofs. To completely ignore one of those issues was in violation of plaintiff's rights. While we are of the opinion that the requested charges were inadequate in that they did not completely set forth the elements essential to a determination by the jury of the existence or nonexistence of a nuisance, nevertheless we believe that under the circumstances plaintiff was entitled to have the court instruct the jury upon the law of the case regardless of whether or not such instructions were properly requested.

" 'Undoubtedly it is the duty of the court to present to the jury the substantial issues in the cause, and to state to them the principles of law governing the rights of the parties, whether any specific instructions are requested by counsel or not.' " *Barton* v. *Gray,* 57 Mich 622, 631, as quoted with approval in *Jorgensen* v. *Howland,* 325 Mich 440, 448.

"The question as to what constitutes a nuisance is one of law for the court; but it is for the jury to decide whether a particular act or structure or use of property, which is not a nuisance *per se,* is a nuisance in fact. It is for the jury to decide whether the alleged nuisance is the cause of the losses or injuries complained of and to what extent such losses or in-

juries are attributable to the nuisance." 66 CJS, p 960, § 153.

In *Jorgensen* v. *Howland, supra,* this Court, in passing upon the failure of the trial court to instruct the jury on the issues of negligence, contributory negligence and proximate cause, said:

"Under the above authority it was the duty of the court to instruct the jury upon the law of the case regardless of whether or not such instructions had been requested. * * * The failure of the trial court to instruct upon the above is prejudicial error and commands reversal."

Other claimed errors in the conduct of the trial set forth in the reasons and grounds of appeal do not require consideration in view of our holding.

The judgment of the lower court is reversed and a new trial granted. Costs to plaintiff.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.