BROWN *v.* SHELBY TOWNSHIP.

1. TOWNSHIPS—ZONING ORDINANCE—AMENDMENT—CONDITIONS PRE-
CEDENT.

The adoption by a township board of a resolution declarative
of its intent to proceed under statute empowering townships
to adopt zoning ordinances and publication thereof, a con-
dition precedent to the initial adoption of a township zoning
ordinance, is not a condition precedent to the adoption of an
ordinance amendatory of a duly adopted township zoning
ordinance (CLS 1956, § 125.272).

2. SAME—AMENDMENT TO ZONING ORDINANCE—ATTORNEYS—ENGI-
NEERS.

Amendment to township zoning ordinance was not invalid by
reason of the fact that attorney for the township and town-
ship engineer assisted the zoning board in matters connected
with the framing of the amendment, where neither had received
additional compensation from the zoning board for advice
or assistance rendered and while statute prohibited a town-
ship officer or employee from serving simultaneously as a
member or employee of the zoning board, it also required that
board to make use of pertinent information and counsel as
might be furnished by appropriate public officials, depart-
ments, and agencies (CLS 1956, § 125.274; CL 1948, § 125-
.278; Shelby Township Ordinance No 34).

3. SAME—CONSTRUCTION OF STATUTES—ZONING ORDINANCES—DUAL
CAPACITY OF OFFICERS AND EMPLOYEES.

Provision of township zoning act barring an elected officer of a
township or a township employee from serving simultaneously as
a member or an employee of the zoning board is construed as a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4–6] 58 Am Jur, Zoning § 176.
[3] 58 Am Jur, Zoning § 6.
[7] 20 Am Jur, Evidence §§ 120, 124.
[8] 37 Am Jur, Municipal Corporations § 177.
[9] 37 Am Jur, Municipal Corporations § 178.
[10] 58 Am Jur, Zoning §§ 14, 18.
[11] 58 Am Jur, Zoning § 147.
[12] 58 Am Jur, Zoning § 253.
[13, 14] 39 Am Jur, Nuisances § 152.
Right to enjoin threatened or anticipated nuisance.   7 ALR 749,
26 ALR 937; 32 ALR 724; 55 ALR 880.

declaration of public policy that employees should not serve in a dual capacity and possibly in antagonistic positions and must be construed in conjunction with another provision of same statute directing the zoning board to make use of pertinent information and counsel which may be furnished by appropriate public officials, departments, or agencies (CLS 1956, § 125.274; CL 1948, § 125.278).

4. SAME—ZONING ORDINANCE AMENDMENT—PUBLIC HEARING—ADEQUACY OF HALL.

Ordinance amendatory of township zoning ordinance was not invalid by reason of the fact that the hall in which the public hearing was held was too small to permit everyone who came to it to enter, where it does not appear that anyone who really desired to enter was prevented from so doing and no claim is made that there was bad faith in fixing the place of hearing or in the giving of notice thereof (CLS 1956, § 125-.274; CL 1948, §§ 125.278, 125.279; Shelby Township Ordinance No 34).

5. SAME—ZONING ORDINANCE AMENDMENT—NOTICE OF PUBLIC HEARING—SUFFICIENCY.

Alleged failure of notice of public hearing on proposed amendment to township zoning ordinance to indicate specifically the place and time that the text of the proposed amendment, and maps pertaining thereto, might be examined *held*, merely technical and insufficient to justify invalidation of amendment, where no claim is made that the notice did not accurately specify the purpose of the hearing nor that anyone was misled as to the property affected or nature of the proposed change in the zoning ordinance that was on file in the office of the township clerk (CL 1948, § 125.279; Shelby Township Ordinance No 34).

6. SAME—ZONING ORDINANCE AMENDMENT—SPECIAL MEETINGS.

Amendment of zoning ordinance adopted by township board at a special meeting at which all board members were present was not invalid for not having been adopted at a regular meeting of the board as required by a provision of the township zoning act in view of provision of general township law empowering township boards to transact at a special meeting at which all board members are present any business which might lawfully come before it at a regular meeting (CLS 1956, §§ 41.72a, 125.281; Shelby Township Ordinance No 34).

7. EVIDENCE—JUDICIAL NOTICE—COMMERCIAL ENTERPRISES—HIGHWAYS—PUBLIC IMPROVEMENTS.

The Supreme Court takes judicial notice of the fact that lawful

commercial enterprises naturally tend to bring about the construction of better and safer highways, traffic protection, and public improvements conducive to the general welfare, including drainage and sanitation facilities.

8. Municipal Corporations—Ordinances—Validity Presumed.

A presumption prevails in favor of the reasonableness and validity in all particulars of a municipal ordinance unless the contrary is shown by competent evidence or appears on the face of the enactment.

9. Constitutional Law—Burden of Showing Unconstitutionality of Ordinance.

One attacking the constitutionality of a municipal ordinance has the burden of showing that it has no real or substantial relation to public health, morals, safety, or general welfare.

10. Municipal Corporations—Zoning Ordinances—Police Power.

Zoning ordinances are constitutional in principle as a valid exercise of the police power.

11. Townships—Zoning Ordinance Amendment—Automobile Racing.

Amendment to township zoning ordinance which permitted 6 automobile racing events a year in an area which for a number of years had been used as a testing and proving ground and on which was located a 2–1/2 mile paved and banked track and a "torture track" notwithstanding some residential development in the area *held,* not an improper exercise of the police power (CL 1948, § 125.271 *et seq.,* as amended; Shelby Township Ordinance No 34).

12. Same—Zoning Ordinance Amendment—Automobile Racing—Private Nuisance.

Plaintiff township residents and an association representing owners of land in the township who do not assert the right to represent the public in suit to declare void an amendment to a township zoning ordinance are limited in suit for injunction to a showing as to whether a private nuisance injurious to them will result from the carrying out of the amendment to permit 6 automobile racing events per year, where there has been a 2–1/2 mile paved and banked track and a "torture track" used for a number of years as a testing and proving ground and area had been previously zoned for industrial purposes (CL 1948, § 125.271 *et seq.,* as amended; Shelby Township Ordinance No 34).

13. INJUNCTION—NUISANCE—PROPOSED USE OF NEARBY PROPERTY—
AUTOMOBILE RACING EVENTS.

Plaintiffs who merely show that use of nearby property for 6
automobile racing events a year, permitted by amendment
of township zoning ordinance, may constitute a possible
threatened nuisance *held*, not entitled to an injunction (CL
1948, § 125.271 *et seq.*, as amended; Shelby Township Ordi-
nance No 34).

14. NUISANCE—ANTICIPATION—EQUITY.

Equity, as a rule, will not interfere in advance of the creation
of a nuisance, where the injury is doubtful or contingent and
anticipated merely from the use to which the property is to
be put.

Appeal from Macomb; Carroll (Howard R.), J.
Submitted April 8, 1960. (Docket No. 42, Calendar
No. 48,320.) Decided June 7, 1960. Rehearing de-
nied July 11, 1960.

Bill by Earl Brown, other individuals, and Shelby
Home Owners' Council, a voluntary association,
against Shelby Township to declare void a zoning
ordinance amendment which creates an industrial
zone in which auto racing is permitted. Curtiss-
Wright Corporation, a Delaware corporation, inter-
vened as party defendant. Decree for defendants.
Plaintiffs appeal. Affirmed.

*Dee Edwards* and *Donald A. Schindler*, for plain-
tiffs.

*William V. Wendt*, for defendant Shelby Town-
ship.

*Butzel, Eaman, Long, Gust & Kennedy* (*Percy M.
Lovett* and *Martin L. Butzel*, of counsel), and *Allan
F. Rowley*, for defendant Curtiss-Wright Corpo-
ration.

CARR, J. The individual plaintiffs in this case are
residents of Shelby township, Macomb county, and
the owners of real property assessed for taxes there-
in. The Shelby Home Owners' Council is a volun-

tary unincorporated association comprising owners of land within the township and has joined with the other plaintiffs in instituting the present suit, the purpose of which is the obtaining of injunctive relief.

In 1948 Shelby township elected to proceed under the provisions of PA 1943, No 184,* and adopted a zoning ordinance in accordance therewith. No question is raised as to the legality of the proceedings observed at that time. The land involved in the present controversy, comprising an area somewhat exceeding 1 square mile, was zoned as "industrial." The record indicates that for a number of years past it has been used by corporations engaged in the manufacture and sale of automobiles, and by Curtiss-Wright Corporation, as a testing and proving ground. Located thereon is a paved and banked track approximately 2-1/2 miles in length, and also a so-called "torture track" used in connection with the indicated operations. Some buildings used by Curtiss-Wright Corporation for manufacturing purposes are located within the area, and it appears that there have been some residential developments in the locality during recent years.

In April, 1958, the Curtiss-Wright Corporation filed a petition with the zoning board of the township and with the township board asking that the land in question be confirmed as devoted to industrial purposes, and affirmatively authorized for use as a stock race track to which certain restrictive provisions of the original zoning ordinance should not apply. Proceedings were taken in accordance with the petition, culminating on November 12, 1958, in the enactment of ordinance No 34, amendatory of the 1948 zoning ordinance, zoning the area referred to in such manner as to permit automobile racing. Said ordinance prohibited night racing, and also

---

* CL 1948, § 125.271 *et seq.*, as amended (Stat Ann 1958 Rev § 5.2963 [1] *et seq.*).

races by so-called hot rod, hard top, and midget automobiles. Motorcycle races were forbidden, and the number of racing events that might be conducted in any calendar year was limited to 6. Establishment of parking facilities was required, among other provisions, and the installation and operation of sanitary facilities, food and refreshment stands was made subject to approval by the Macomb county health department as a condition precedent to the issuance of a building permit.

It was the claim of the plaintiffs as set forth in their bill of complaint that amendatory ordinance No 34 was invalid, and a decree was sought in the trial court declaring it null and void and enjoining action thereunder on the part of the township. It was also specifically prayed that the township authorities be restrained from issuing a permit to the Curtiss-Wright Corporation, which intervened in the case as a party defendant, for the establishment and operation of stock racing facilities. A number of reasons were set forth in the pleading in support of the claim that the relief sought should be granted. Defendants by their answers denied that the ordinance was invalid for any of the reasons claimed and asserted that plaintiffs were not entitled to injunctive relief. On the hearing in circuit court proofs were offered in support of the allegations of the bill of complaint, at the conclusion of which defendants moved for dismissal of the suit. The trial judge, after consideration of the testimony of plaintiffs' witnesses, determined that the right to relief had not been established, that the invalidity of the ordinance had not been shown by clear and satisfactory proof, and that defendants were, in consequence, entitled to a dismissal of the cause. A decree was entered accordingly, and plaintiffs have appealed.

On behalf of appellants it is argued that amendatory ordinance No 34 should be held invalid for several reasons which in a general way involve the procedure observed in adopting it, and the purpose to be accomplished thereby. Attention is directed to the provisions of section 2 of PA 1943, No 184 (CLS 1956, § 125.272 [Stat Ann 1958 Rev § 5.2963(2)]), providing, in substance, that the act should not become operative in any township of the State until certain prescribed steps were taken, including the adoption by the township board of a resolution declaring its intent to proceed in accordance with said act, and publication of such resolution. It is conceded that prior to the enactment of the amendatory ordinance in question here no preliminary resolution expressing the intent of the township board was adopted. It is a sufficient answer to the argument advanced on behalf of plaintiffs that the statute does not prescribe any such condition precedent to the passage of an amendment to a zoning ordinance that has been properly enacted. The adoption of a resolution of the character in question is required only as initiatory to proceedings to determine whether the township shall accept the provisions of the township rural zoning act. As above noted, no question is raised as to the steps taken in connection with the enactment of the original zoning ordinance of 1948.

Complaint is also made that the attorney for the township and the township engineer assisted the zoning board and also the township board in matters connected with the framing of ordinance No 34. Section 4 of the statute (CLS 1956, § 125.274 [Stat Ann 1958 Rev § 5.2963(4)]) provides that:

"No elected officer of the township nor any employee of the township board shall serve simultaneously as a member or an employee of the zoning board."

It is conceded that neither the attorney nor the engineer received any compensation from the zoning board for any advice or assistance rendered, and the facts disclosed by the record do not establish that either might properly have been considered an employee of said board. The purpose to be served by the inhibitory clause quoted is obvious. Apparently it was deemed expedient as a matter of public policy that employees should not serve in a dual capacity, and possibly in antagonistic positions. We do not think that either the attorney or the engineer was subject to the inhibition which must be read in conjunction with section 8 of the statute (CL 1948, § 125.278 [Stat Ann 1958 Rev § 5.2963(8)]), as follows:

"The township zoning board is directed to make use of such information and counsel which may be furnished by appropriate public officials, departments or agencies, and all public officials, departments and agencies having information, maps and data pertinent to township zoning are hereby directed to make the same available for the use of the township zoning board."

It may not be said that either the attorney or the engineer went beyond the scope of his duties in the rendition of assistance to the zoning board. The contention that the ordinance as adopted was invalid because of any such act is without merit.

Pursuant to notice a public hearing was had on the question of the enactment of the proposed ordinance.* Testimony taken with reference to the hearing indicates that many people were interested in the proposition and attended. Complaint is made that the hearing was held in a hall that was too small to permit everyone who came to it to enter.

---

* See CL 1948, § 125.279 (Stat Ann 1958 Rev § 5.2963[9]).—Reporter.

There is no showing, however, that anyone who really desired to enter and participate in the proceeding for any reason was prevented from so doing. It is a fair inference that numerous questions were asked by people in the hall, and that such questions were answered by representatives of Curtiss-Wright Corporation and by others speaking for the zoning board. It does not appear that specific objections were raised to the enactment of the ordinance. Under the circumstances disclosed by the proofs it may not be said that there was not a proper compliance with the requirements as to the public hearing. It does not appear that there was any way of making a determination at the time the notice of the hearing was given as to the number of people that might attend. No claim is made that there was bad faith in fixing the place of the hearing or in the giving of notice thereof.

Plaintiffs say that the notice did not specifically indicate the place and time that the text of the proposed amendment, and maps pertaining thereto, might be examined by anyone desiring to do so. No claim is made that the notice did not accurately specify the purpose of the hearing, nor is there any claim that anyone was misled as to the property that was affected or the nature of the proposed change in the zoning ordinance which was on file in the office of the township clerk. The objections raised with reference to the meeting and the notices thereof are merely technical in nature, and we are in accord with the ruling of the trial judge with reference thereto.

It appears from the record before us that the enactment of the amendatory ordinance in question here was under consideration in Shelby township for several months, and that careful consideration was given thereto by the zoning board and also by the township board. The ordinance was passed as

recommended by the zoning board, at a special meeting of the township board during the evening of November 12, 1958, at which all members of said board were present. Plaintiffs insist that such action was illegal because not taken at a regular meeting, as provided in section 11 of the township zoning act (CLS 1956, § 125.281 [Stat Ann 1958 Rev § 5.2963(11)]). It does not appear that any written request for a hearing on the final draft of the proposed ordinance was made by any property owner. The claim that the action could not be validly taken at a special meeting is answered by CLS 1956, § 41-.72a (Stat Ann 1959 Cum Supp § 5.64[1]), which provides that:

"If all the members of the said board are present at any special meeting thereof, then any business which might lawfully come before a regular meeting of the said board may be transacted at such special meeting."

The conclusion follows that amendatory ordinance No 34 is not invalid because enacted at a special meeting. See in this connection *Township of Bloomfield* v. *Beardslee,* 349 Mich 296, 300.

The validity of the ordinance in question is also assailed on the ground that it is not a proper exercise of the police power. Such argument is based on the claim that the permitting of automobile racing in the specified area does not tend to promote the public health, safety, morals, or general welfare, that it is an improper use of the land, and that it will result in the creation of conditions hazardous to life and property. The argument in the final analysis is based on the theory that when the racing events are held, not exceeding 6 each year, there will be an increase in traffic with attendant noise, dust, and incident hazards.

It must be borne in mind that the land here involved had been previously zoned for industrial purposes, and that it has been used for many years as a testing and proving ground for motor vehicles. It is doubtless true that the establishment of a factory or other form of industry on the property, if it is suitable for such purpose, might, and probably would, have effects that might be claimed undesirable. On the other hand, lawful commercial enterprises naturally tend to bring about the construction of better and safer highways, traffic protection, and public improvements conducive to the general welfare, including drainage and sanitation facilities. People residing in proximity to the area might well prefer that it not be used for any industrial or commercial enterprise. The record here indicates, as is usually the situation, that sentiment of residents of the township was divided as to the desirability of permitting automobile racing.

Whether the ordinance as enacted was desirable from the public standpoint was primarily a matter for local determination. The presumption of validity attaches to such an ordinance adopted. One assailing it has the burden of establishing that it is void unless the invalidity is such as to appear on the face of the enactment. Such presumption attaches to the ordinance here involved. In *Harrigan & Reid Co.* v. *Burton,* 224 Mich 564, 569 (33 ALR 142), it was said:

"The generally accepted rule is that a presumption prevails in favor of the reasonableness and validity in all particulars of a municipal ordinance unless the contrary is shown by competent evidence, or appears on the face of the enactment."

Of like import is *Austin* v. *Older,* 283 Mich 667, 674, where it was said:

"It is elementary that every intendment is in favor of the constitutionality of an ordinance and plaintiff has the burden of showing that it has no real or substantial relation to public health, morals, safety or general welfare. Zoning ordinances are constitutional in principle as a valid exercise of the police power.".

See, also, *Hammond* v. *Bloomfield Hills Building Inspector,* 331 Mich 551, and prior decisions there cited. On the basis of the proofs in the instant case we are not prepared to say that plaintiffs have established the invalidity of the ordinance on the ground that it is not a proper exercise of the police power.

Several witnesses called by plaintiffs on the hearing of the case in the trial court referred to the possible effect that the establishment of the automobile racing enterprise might have on residential property in the vicinity. Apparently some such property holders fear that the value of their real estate will be depreciated because of the conducting of the contemplated racing events. The bill of complaint asserts that if the purpose of the ordinance is carried out a nuisance will be created. Plaintiffs do not assert the right to represent the public in any way and, in consequence, the query is whether the proofs indicate that a private nuisance injurious to plaintiffs will result from the carrying out of the contemplated plans. On the record it may not be said with any degree of assurance that such result will follow. If such proves to be the fact aggrieved parties will, of course, have the right of recourse to the court. A *possible* result of the character feared by plaintiffs is not sufficient to justify the granting of injunctive relief. *Warren Township School District No. 7* v. *City of Detroit,* 308 Mich 460; *Foster* v. *County of Genesee,* 329 Mich 665; *Plassey* v. *S. Lowenstein & Son,* 330 Mich 525. In the case last cited

the Court quoted with approval from *Briggs* v. *City of Grand Rapids,* 261 Mich 11, 15, as follows:

" 'Equity, as a rule, will not interfere in advance of the creation of a nuisance where the injury is doubtful or contingent, and anticipated merely from the use to which the property is to be put. *Siegel* v. *Wayne Circuit Judge,* 155 Mich 459; *Henry* v. *Sinclair,* 218 Mich 296; *Lansing* v. *Perry,* 216 Mich 23.' "

Other questions suggested by counsel in their briefs do not require discussion. We are in accord with the disposition of the case as made by the trial judge, and the order dismissing plaintiffs' bill of complaint is affirmed, with costs to appellees.

Dethmers, C. J., and Kelly, Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.