HULL *v.* DETROIT EQUIPMENT INSTALLATION, INC.

1. PLEADING—SUMMARY JUDGMENT—ROLE OF TRIAL COURT.
   Trial court must determine from the pleadings, affidavits and other evidence on the record whether there are genuine issues of fact on a motion for summary judgment, and not simply rely upon the statements of counsel for both sides that no material facts are at issue (GCR 1963, 117).

2. LANDLORD AND TENANT—CONSTRUCTION OF LEASE—INTENTION OF PARTIES.
   When a lease is unambiguous in its terms, what the parties intended by the language employed in the lease is a matter of law for the court's determination and not a question for the consideration of the fact finder.

3. SAME—CONSTRUCTION OF LEASE—LAUNDROMAT—INCREASED SEWAGE CHARGES.
   Lessee was properly held liable, in absence of express provision in a lease, for increase in sewage charges by municipality against leased premises where increased use of sewage facilities resulted from success of lessee's laundromat business; any other result would have effect of increasing burden on lessor as lessee's business increased.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 340 *et seq.*
Motion for summary judgment as searching record, 91 ALR 884.
[2-4] 32 Am Jur, Landlord and Tenant § 127 *et seq.*

4. SAME—CONSTRUCTION OF LEASE—CONSTITUTIONAL LAW—MUNIC-
    ICIPAL ORDINANCE.

    Attempt to challenge constitutionality of municipal ordinance
        delineating method of assessing sewage charges in action be-
        tween lessor and lessee to determine which party was to bear
        expense of increased sewage charges due to lessee's laundromat
        business was properly held an impermissible collateral attack
        upon the ordinance, where municipality was named as party
        but not served with complaint.

Appeal from Oakland; Ziem (Frederick C.), J. Submitted Division 2 January 9, 1968, at Detroit. (Docket No. 2,866.)   Decided July 26, 1968.

Complaint by Josephine B. Hull against Detroit Equipment Installation, Inc., a Michigan corporation, and the city of Keego Harbor and Board of Public Works of Oakland County as third party defendants, to determine liability for increased sewage charges against leased premises.   Summary judgment for plaintiff.   Action dismissed as to third party defendants.   Defendant appeals.   Affirmed.

*Joseph F. Kosik,* for plaintiff.

*Anspach, Anspach & Grand (Walter Shapero,* of counsel), for defendant.

J. H. GILLIS, J.   Defendant-lessee appeals the granting of a summary judgment to plaintiff-lessor. The litigation centered on the liability for the increased sewage charges occasioned by defendant's use of the leased premises as a laundromat and dry cleaning establishment.

The trial court correctly held that the interpretation of the lease agreement was a question of law properly resolved on a motion for summary judgment.   At a hearing on the motion brought pursuant to GCR 1963, 117.2(3) both parties asserted the lack

of any material issue of fact on the lease agreement. In fact, defendant-lessee's counsel advised the court, "There is absolutely no factual question involved." While each of the parties assert that there is no factual dispute, this does not of necessity give the trial court *carte blanche* authority to resolve ultimate factual issues on the motion. The court's role is to determine from the pleadings, affidavits and other evidence on the record whether there are genuine issues of fact. See *Zamler* v. *Smith* (1965), 375 Mich 675.

When a lease is unambiguous in its terms, what the parties intended by the language employed in the lease is a matter of law for the court's determination and not a question for the consideration of the fact finder. See *Brown* v. *Schiappacasse* (1897), 115 Mich 47. Although the parties here refer to other provisions of the lease as implying who is to pay the sewage charge, it is hardly disputable that the lease was silent as to this provision and the trial court was correct in so ruling.

The narrow issue presented for our determination is: In the absence of any specific provision in a lease, who is to pay for added sewage charges occasioned by the lessee's use of the premises?

In *Wycoff* v. *Gavriloff Motors, Inc.* (1961), 362 Mich 582 (86 ALR2d 663), the Court was called upon to decide an issue similar to that now before us. The lessee in *Wycoff* had made improvements upon the leased property (allowable under the lease) which led to an increased tax assessment against the property. As in the present case, the lease was silent as to who would pay the increased taxes. In citing the general rule that where the lease is silent the lessor is obliged to pay the taxes, the Court went on to state what to our minds is the controlling exception to that rule:

"As between the lessor and lessee, where the lease is silent as to the payment of taxes, that the burden of *taxes upon improvements removable by the tenant must fall upon him.*" 362 Mich 582, 587. (Emphasis supplied.)

And, at 362 Mich 582, 590, 591, the Court states:

"Thus, under the cited cases it seems clear the buildings erected by the tenant in the case at bar were constructed in furtherance of the purpose of the lease and, therefore, removable by the lessee at the termination of the lease. Since such property remained in effect the personal property of the lessee, it should be the lessee who is responsible for the increased tax levy attributable to the improvements."

Likewise, in the instant case, the lessee's increased sewage was due solely to his business being conducted upon the leased premises. It might be said that the amount of sewage emanating is something of a hallmark of success to a laundromat business. Under lessee's interpretation of the agreement the more business that is done, the richer the lessee becomes, the more sewage that is generated, the higher the sewage assessment, the more the lessor must pay; and the lessee's success becomes the lessor's burden. It would take a mighty armada of judicial persuasiveness to induce us to write such a result into an otherwise silent lease agreement. Cf. *Blake v. Metropolitan Chain Stores* (1929), 247 Mich 73 (63 ALR 1386).

Defendant's attempt to challenge the constitutionality of Keego Harbor ordinance No 60* was, under the posture of this case, correctly held to constitute an impermissible collateral attack upon the ordinance. The city of Keego Harbor and the Oakland

* The ordinance which delineated the method of assessing sewage charges.

county board of public works were added as parties to the lawsuit but no complaint was served nor was answer filed by either. In their absence, the trial court correctly ruled that the ordinance could not be challenged as between plaintiff-lessor and defendant-lessee.

Affirmed. Costs to appellee.

QUINN, P. J., and HOLBROOK, J. concurred.