HUANG v WILDBROOK APARTMENTS

1. MOTIONS—SUMMARY JUDGMENT—LEGAL SUFFICIENCY—ALLEGA-
TIONS—COURTS—DECISIONS.
A motion for summary judgment tests the legal sufficiency of a
plaintiff's allegations and requires the trial court to decide
whether the allegations, if true, entitle plaintiff to the relief
requested (GCR, 1963, 117.2[1]).

2. EQUITY—INJUNCTIONS—ANTICIPATED INJURY—APPREHENDED NUI-
SANCE—DOUBTFUL NUISANCE—INTERFERENCE.
Equity will not enjoin an injury which is merely anticipated nor
interfere where an apprehended nuisance is doubtful, contin-
gent, conjectural or problematical; a bare possibility of nui-
sance or a mere fear or apprehension that injury will result is
not enough.

3. COURTS—NUISANCE PER SE—QUESTION OF LAW—JUDGES.
The question of whether a certain use of property constitutes a
nuisance per se is a question of law for the trial judge.

4. NUISANCE—NUISANCE PER SE—INJUNCTION—COMPLAINT—DESCRIP-
TION.
No nuisance per se requiring injunctive relief has been described
by plaintiffs where they merely speculate that the construction
of a tennis court 15 feet from their home will detract from
their enjoyment of the home, there will be a probable and
constant danger of persons running off the tennis court in the
vicinity of plaintiffs' garage, or a high probability that an
errant tennis ball will strike plaintiffs' car as they drive to
their garage, which could cause them to be startled and lose
control.

5. JUDGMENT—SUMMARY JUDGMENT—WELL-PLEADED ALLEGATIONS—
DAMAGES—CAUSE OF ACTION.
The Court of Appeals in reviewing a grant of summary judgment

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 12 *et seq.*
[2, 4] 58 Am Jur 2d, Nuisances §§ 147–149.
[3] 58 Am Jur 2d, Nuisances § 141.
[5] 73 Am Jur 2d, Summary Judgment §§ 20, 36.

for a defendant must accept all well-pleaded allegations of the plaintiff as true; and where plaintiffs have properly pleaded that construction of a tennis court which has already begun has caused them financial damage they have a presently justifiable cause of action on which summary judgment may not be properly granted.

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 May 6, 1975, at Grand Rapids. (Docket No. 21242.) Decided June 24, 1975.

Complaint by Charles L. Huang and Margaret M. Huang against Wildbrook Apartments, a limited partnership, seeking an injunction and damages for breach of contract. Judgment for defendant. Plaintiffs appeal. Reversed in part, affirmed in part.

*Pevos & Pevos,* for plaintiffs.

*Alexander C. Perinoff,* for defendant.

Before: R. B. BURNS, P. J. and BASHARA and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiffs are the owners of a condominium which is located in an apartment complex developed by defendant. They brought suit to temporarily and permanently enjoin construction of a tennis court near their residence and for damages for breach of contract. The trial court issued a temporary restraining order. Defendant filed a motion for summary judgment, claiming that plaintiffs had failed to state a claim upon which relief could be granted. GCR 1963, 117.2(1). From the order dissolving the temporary injunction and dismissing their damage claim, plaintiffs appeal.

A motion for summary judgment tests the legal

sufficiency of plaintiff's allegations and requires the trial court to decide whether the allegations, if true, entitle plaintiff to the relief requested. *Crowther v Ross Chemical and Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972). In the instant case, plaintiffs claim that at the time they purchased their unit, defendant represented that it would construct the community tennis court some considerable distance away. They also claim that defendant has begun to build the court within 15 feet of their condominium. Plaintiffs assert that the tennis court, if constructed as planned, would constitute a nuisance, would deprive them of the enjoyment of their home and would depreciate the value of the condominium.

The applicable rule of law is concisely stated in *Lansing v Perry,* 216 Mich 23, 32; 184 NW 473 (1921):

"This case is clearly governed by the well recognized general rule that when a building about to be erected or proposed business to be conducted on unrestricted property is not *per se* a nuisance and the apprehended injury is but conjectural and contingent, equity will refrain from interfering until an actual nuisance is made manifest."

The rule is paraphrased in *Falkner v Brookfield,* 368 Mich 17, 23; 117 NW2d 125 (1962):

"From the cited authorities and others it appears that equity will not enjoin an injury which is merely anticipated nor interfere where an apprehended nuisance is doubtful, contingent, conjectural or problematical. A bare possibility of nuisance or a mere fear or apprehension that injury will result is not enough."

In *Brown v Nichols,* 337 Mich 684; 60 NW2d 907 (1953), the court noted that the question of

whether a certain use of property constitutes a nuisance per se is a question of law for the trial judge. In *Sommers v City of Detroit,* 284 Mich 67, 71; 278 NW 767, 768 (1938), the court recited various situations which were found not to be nuisances per se. Comparing those situations to the present, it can be seen that no nuisance per se has been described. The remaining question is, therefore, whether "the apprehended injury is but conjectural and contingent". If so, the trial court must be affirmed. *Lansing v Perry, supra.*

We find that the trial court correctly viewed the plaintiffs' claims. They do not claim that there is anything inherently obnoxious about a tennis court. The apprehended injury stems from the proximity of the court and the actions of players around it. Plaintiffs believe the activities will detract from their enjoyment at home. It is speculative to assume that the tennis activity will be deleterious to the property rights of plaintiffs. Illustrative of the injuries plaintiffs fear will result from the closeness of the court is the allegation contained in Mr. Huang's affidavit in opposition to summary judgment. There, he states that a nuisance "is probable, certain and inevitable because * * * [t]here will be the probable and constant danger of persons running off the tennis court in the vicinity of plaintiffs' garage, or a high probability that an errant tennis ball will strike plaintiffs' car as they drive to their garage, which could cause them to be startled and lose control of their car".

We affirm the trial court's order dissolving the temporary injunction. This is an appropriate case for awaiting an opportunity to view the ongoing activity at the tennis court. It is not an appropriate case for preventing the lawful use by defend-

ant of its land. However, we reverse the trial court's dismissal of plaintiffs' damage claim. The trial court felt that as of the time of its decision, plaintiffs had not been damaged, since the tennis court was not operating. Perhaps the trial court was right. However, for our purposes we are required to accept the allegations as true. *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7; 211 NW2d 228 (1973). Plaintiffs have alleged that construction of the tennis court has already begun and that, consequently, plaintiffs have been financially damaged. Thus, plaintiffs have properly pleaded a presently justiciable cause of action.

It should be noted that the trial judge made it clear that he was not permanently foreclosing judicial relief on the nuisance question. If the apprehensions of plaintiffs prove well-founded and if a nuisance results from the operation of the tennis court, plaintiffs have the right of recourse to the court. *Brown v Shelby Township,* 360 Mich 299, 310, 311; 103 NW2d 612 (1960).

Affirmed in part and reversed in part. No costs, neither party having prevailed in full.