BEARD v STATE OF MICHIGAN

BUHLER v STATE OF MICHIGAN

Docket Nos. 47947, 47948. Submitted November 14, 1980, at Lansing.
—Decided May 5, 1981. Leave to appeal applied for

Bryan Beard, age 13, and David S. Buhler, age 14, were seriously
injured when a 40-millimeter grenade exploded in the camper
body of a pickup truck. The boys found the grenade on a
Michigan National Guard firing range. After throwing the
grenade at a cement abutment on the range, they picked up
the grenade and placed it in the truck at their campsite. The
grenade fell from a table and exploded when it hit the floor,
resulting in the injuries. Bryan Beard, by his next friend Mary
Beard, John Beard, Mary Beard individually, and League Gen-
eral Insurance Company, as subrogee of John Beard, and Fred
C. Buhler, individually and as next friend of David S. Buhler,
brought suit in the Court of Claims against the State of
Michigan and the Michigan National Guard alleging nuisance.
Plaintiffs' complaints were consolidated. After both plaintiffs
and defendants moved for summary judgment, Ronald M.
Ryan, J., entered an order granting summary judgment to the
defendants because he considered the defendants' maintenance
of a firing range a governmental function and, therefore, the
defendants are immune from tort liability. The plaintiffs ap-
peal. *Held:*

The defendants created a nuisance per se in the way they
maintained the shooting range. However, even though the
defendants were not protected by governmental immunity due
to their maintenance of a nuisance per se, they could not be
held liable for the injuries because liability on the theory of
nuisance cannot be extended to injury sustained from danger-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, Nuisances §§ 12, 13, 55, 158.
[2] 58 Am Jur 2d, Nuisances §§ 12, 13.
[3] 58 Am Jur 2d, Nuisances § 42.
[4, 5] 58 Am Jur 2d, Nuisances § 19.
[6] 73 Am Jur 2d, Summary Judgment § 26.

ous objects taken from the premises on which the nuisance is maintained.

Affirmed.

M. J. KELLY, P.J., dissented. He considered the question of proximate cause arising from the removal of the grenade from the firing range a question of fact for the trier of fact and thus, the trial court's order of summary judgment was improper. He believed that the mere fact that the boys removed the grenade from the dangerous area before it exploded should not remove the causation question from consideration by the trier of fact. Rather, the time and place of the explosion would properly be factors for the fact finder to consider in determining the causal connection between nuisance and injuries. He would reverse the decision of the trial court insofar as it granted defendants' motion for summary judgment and would remand this case for trial.

### OPINION OF THE COURT

1. NUISANCE — GOVERNMENTAL IMMUNITY.

A claim of governmental immunity in an action based on nuisance is defeated where there exists either an intentionally-created or continued nuisance in fact or the maintenance of a nuisance per se.

2. NUISANCE — NUISANCE PER SE — NUISANCE IN FACT.

The question as to what constitutes a nuisance per se is a question of law for the court, while it is for the jury to decide whether a particular act or structure or use of property which is not a nuisance per se is a nuisance in fact.

3. NUISANCE — DANGEROUS OBJECTS.

Liability on the theory of nuisance cannot be extended to injury sustained from dangerous objects taken from the premises on which the nuisance is maintained.

4. NUISANCE — LIABILITY.

Primarily, nuisance is a condition; liability for damages caused by a nuisance is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition.

5. NUISANCE — LIABILITY.

Liability for damage caused by a nuisance turns upon when a defendant was in control of the premises, either through ownership of the property or otherwise.

DISSENT BY M. J. KELLY, P.J.

6. JUDGMENTS — SUMMARY JUDGMENT — ISSUES OF FACT — COURT
   RULES.

   *A trial court, in considering a motion for summary judgment
   based on the allegation that except as to the amount of dam-
   ages there is no genuine issue as to any material fact and that
   the moving party is therefore entitled to judgment as a matter
   of law, has the limited function of determining whether a
   material issue of fact exists and must carefully avoid making a
   finding of fact under the guise of determining that no issue of
   material fact exists; the court's role is to determine from the
   pleadings, affidavits and other evidence on the record whether
   there are genuine issues of fact (GCR 1963, 117.2[3]).*

*Robert A. Steadman,* for plaintiffs Beard.

*Vandervoort, Cooke, McFee, Christ, Carpenter &
Fisher,* for plaintiffs Buhler.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Robert S. Wel-
liver,* Assistant Attorney General, for defendant.

Before: M. J. KELLY, P.J., and ALLEN and C. L.
HORN,* JJ.

C. L. HORN, J. On October 13, 1973, Bryan
Beard, age 13, and David Scott Buhler, age 14,
entered a Michigan National Guard firing range
and found a 40-millimeter grenade. Bryan threw
the grenade at a cement abutment on the range,
but it did not explode. The boys picked up the
grenade and took it back to their campsite located
at the Jones Lake Campground, north of the firing
range. The grenade was placed in the camper body
of a pickup truck. Later that day the boys entered
into the area of the camper where the grenade had
been left. The grenade fell from a table and ex-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ploded when it hit the floor, seriously injuring both boys.

Plaintiffs' complaints relating to each boy were consolidated. Motions for summary judgment were filed by plaintiffs under GCR 1963, 117.2(2), and by defendants under GCR 1963, 117.2(3). This is an appeal as of right from the Court of Claims order granting defendants' motion for summary judgment.

The trial court found that defendants' maintenance of a firing range is a governmental function. As such, defendants are immune from tort liability under MCL 691.1407; MSA 3.996(107), with certain judicially created exceptions. These exceptions are discussed in the Supreme Court recent reexamination of the impact of the nuisance doctrine on governmental immunity in *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978). This Court has previously concluded that although no clear majority view has emerged from these cases, there appears to be an agreement that a claim of governmental immunity is defeated where there exists either an intentionally created or continued nuisance in fact or the maintanance of a nuisance per se. *Ford v Detroit,* 91 Mich App 333, 335-336; 283 NW2d 739 (1979). The question as to what constitutes a nuisance per se is a question of law for the court, while it is for the jury to decide whether a particular act or structure or use of property which is not a nuisance per se is a nuisance in fact. *Brown v Nichols,* 337 Mich 684, 689; 60 NW2d 907 (1953).

The trial court found that defendants created a nuisance per se in the way they maintained the shooting range. We do not review this finding since it is not challenged by either party on appeal. The

court also found however that, even though defendants were not protected by governmental immunity due to their maintenance of a nuisance per se, they could not be held liable for the boys' injuries because liability on the theory of nuisance cannot be extended to injury sustained from dangerous objects taken from the premises on which the nuisance is maintained. We agree with the trial court's conclusion.

Liability for nuisance is predicated on the existence of a dangerous condition. *Rosario, supra,* 132.

"Primarily, nuisance is a condition. Liability is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition. *Buckeye Union Fire Ins Co v Michigan,* 383 Mich 630, 636; 178 NW2d 476 (1970)." *Id.*

Cases have expanded the term "nuisance" to apply to members of the public injured on the landowner's premises as a result of a dangerous condition. See, *Rosario, supra,* 140, *Munson v Menominee County,* 371 Mich 504; 124 NW2d 246 (1963), *Bluemer v Saginaw Central Oil & Gas Service, Inc* 356 Mich 399; 97 NW2d 90 (1959), *Maki v East Tawas,* 385 Mich 151; 188 NW2d 593 (1971). However, there is no authority for expanding liability for nuisance to where a dangerous object is removed from the premises and results in damages elsewhere. This is in contrast to the situation where liability is based upon a defendant's negligent act, where courts have found the property owner guilty of negligence in situations similar to the case at bar. See, *e.g., Stewart v United States,* 186 F2d 627 (CA 7, 1951), *Shemper v Cleveland,* 212 Miss 113; 51 So 2d 770 and 54 So 2d 215 (1951), *Parrott v United States,* 181 F Supp 425

(SD Cal, 1960), *Duvall v United States,* 312 F Supp
625 (ED NC, 1970). We have previously held that
liability for damage caused by a nuisance turns
upon when the defendant was in control, either
through ownership or otherwise. *Stemen v Coff-
man,* 92 Mich App 595; 285 NW2d 305 (1979). In
the instant case, defendants' liability is based on
the maintenance of a dangerous condition result-
ing from unexploded grenades on defendants'
premises. Liability cannot extend to where an
object constituting part of the nuisance or the
dangerous condition is removed from defendants'
premises and thus out of their control. We there-
fore affirm the judgment of the trial court.

ALLEN, J. concurred.

M. J. KELLY, P.J. *(dissenting).* I disagree with the
majority's conclusion that, as a matter of law, the
defendants' maintenance of a nuisance per se
could not create liability under these facts. In my
view, the question of proximate cause arising from
the removal of the grenade from the firing range
is a question of fact for the trier of fact, thus
rendering the order of summary judgment im-
proper.

A trial court in considering a motion for sum-
mary judgment brought pursuant to GCR 1963,
117.2(3) "has the limited function of determining
whether a material issue of fact exists. The trial
court must carefully avoid making a finding of fact
under the guise of determining that no issue of
material fact exists". *Brooks v Reed,* 93 Mich App
166, 170; 286 NW2d 81 (1979), *Partrich v Muscat,*
84 Mich App 724, 730-731; 270 NW2d 506 (1978).

The parties in the instant matter stipulated to a
statement of facts for the trial court's use in
deciding their motions for summary judgment. In

support of their respective motions, the parties also argued to the trial court that no genuine issue of material fact existed. However, in *Hull v Detroit Equipment Installation, Inc,* 12 Mich App 532, 534; 163 NW2d 271 (1968), this Court stated:

"While each of the parties assert that there is no factual dispute, this does not of necessity give the trial court *carte blanche* authority to resolve ultimate factual issues on the motion. The court's role is to determine from the pleadings, affidavits and other evidence on the record whether there are genuine issues of fact. See *Zamler v Smith* (1965), 375 Mich 675."

In the instant case, the lower court concluded that "the creation and maintenance of the nuisance per se was not a proximate cause of the Plaintiffs' injuries". This conclusion must be measured against the Supreme Court holding in *Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399, 413-414; 97 NW2d 90 (1959), quoting the prior decision in *Brown v Nichols,* 337 Mich 684, 689-690; 60 NW2d 907 (1953):

" 'The question as to what constitutes a nuisance is one of law for the court, but it is for the jury to decide whether a particular act or structure or use of property, which is not a nuisance *per se,* is a nuisance in fact and whether an alleged nuisance is the cause of the losses or injuries complained of and to what extent such losses or injuries are attributable to the nuisance.' 66 CJS, Nuisances, p 960, § 153."

See also *Melendres v Soales,* 105 Mich App 73; 306 NW2d 399 (1981), citing *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), for a similar explication of the jury's role in nuisance cases.

The mere fact that the boys removed the gre-

nade from the dangerous area before it exploded should not, I believe, remove the causation question from consideration by the trier of fact. Rather, the time and place of the explosion would properly be factors for the fact finder to consider in determining the causal connection between nuisance and injuries.

I would reverse the decision of the lower court, insofar as it granted defendant's motion for summary judgment, and remand this case for trial.