THE STATE, ALEXANDER BORS, RELATOR, v. ALBERT E. DAVIS, Jr., RESPONDENT.

Decided July 26, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the relator, *Edmund A. Hayes.*

For the respondent, *Thomas L. Hanson.*

PER CURIAM.

The present proceeding was instituted by the relator to compel his restoration to the position of chief of police of the township of Raritan. On March 9th, 1923, the township committee passed an ordinance providing for the establishment of a police department within its territorial limits, which ordinance was introduced and passed on first and second readings on March 2d. Some two weeks later the township committee appointed Davis, the respondent, as assistant to the chief of police, and in 1924 appointed him the head of that department. In March, 1927, the township committee passed another ordinance regulating the police department, and a few days later adopted a resolution appointing the relator, Bors, as the chief of police in the place of Davis. On the 1st of July, 1927, the committee adopted a resolution, the purport of which was that the appointment of Bors was in-

valid, because it involved the removal from office of chief of police Davis, the present respondent, who was a veteran soldier, and as such was protected by the Veterans' act from removal from office except for cause; and, for this reason, restored Davis to the position of chief of police. The relator claims that this action on the part of the township committee was without legal justification.

The basis of the relator's contention is that the ordinance of 1923, and all municipal action based upon it, including the appointment of Davis as chief of police, were invalid because the ordinance was not passed in accordance with the provisions of the statute regulating the adoption of municipal ordinances, in that it was finally passed on an adjourned date, the adjourned day being the continuation of the day of the meeting at which the ordinance was originally introduced; and that, consequently, the restoration of Davis to an office the title to which was never vested in him was without legal warrant. This, however, is a matter which cannot be adjudicated in the present proceeding. A municipal ordinance enacted in pursuance of legislative authority cannot be attacked collaterally. It is presumed to be valid until it is held to be invalid by judicial determination. *Overpeck Land Co.* v. *Ridgefield Park,* 6 *N. J. Adv. R.* 501. And the judicial determination must be in a direct procedure against the municipality, that body being entitled to be afforded an opportunity of being heard in defense of its action in the passing of the ordinance.

This is the only ground upon which the relator claims to be entitled to the writ, and, for the reason indicated, judgment will be entered in favor of the respondent.