366 So.2d 1088 (1979)
J.R. KYNERD, Jr.
v.
The CITY OF MERIDIAN.
No. 50839.
Supreme Court of Mississippi.
January 31, 1979.
Bourdeaux & Jones, Thomas R. Jones, Meridian, for appellant.
Singley, Minniece, Neville & Hamill, James T. Singley, Meridian, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
WALKER, Justice, for the Court:
This is a suit to obtain a hardship exception to a city zoning law prohibiting mobile homes in certain types of residential zoned areas. Suit was initially filed before the Zoning Board of Appeals which did not grant the exception. The case then was appealed to the City Council of Meridian which granted the exception. On appeal, the Circuit Court of Lauderdale County upheld the City Council. On this appeal, Kynerd assigned several errors, however, since we reverse, only one need be considered.
Kynerd argues that the City Council in granting the exception failed to follow its own zoning ordinances and mobile home ordinance. We agree.
The Meridian Zoning Ordinance makes no provision for mobile homes to be allowed in Zones A-0, A-1 or A-2. It does allow for mobile homes in the A-3 classification. The neighborhood in question is located in an A-1 zone. The only exception allowed by ordinance is the "hardship exception" which is covered by the 1974 Meridian Mobile Home Ordinance. The particular section provides:
The Zoning Board of Appeals in cases of hardship, may grant a special exception to this section upon an application signed by the owner of the property and by the owners and tenants of all adjacent property. (Emphasis added).
In the present case the application was not signed by all owners of adjacent property. In fact one adjacent owner and several neighborhood property owners specifically objected. The city may not violate their own ordinance in granting an exception. City of Las Vegas v. Cragin Industries, Inc., 86 Nev. 933, 478 P.2d 585 (1970); Meyer v. Seifert, 216 Ark. 293, 225 S.W.2d 4 (1949); See also Edwards Hotel and Railroad Co. v. City of Jackson, 96 Miss. 547, 51 So. 802 (1910).
Since the requirements of the ordinance were not satisfied, we reverse.
REVERSED AND JUDGMENT HERE FOR APPELLANT.
*1089 PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.