906 F.2d 204
 Winston HILL and Ila Mae Hill, As Co-Administrators of the
Estate of Harvey Hill, Deceased, Plaintiffs-Appellants,
v.
LONDON, STETELMAN, AND KIRKWOOD, INC., et al., Defendants-Appellees.
Margaret Denmark FOSTER, As Administratrix of the Estate of
Johnny Clark Carpenter, Deceased, Plaintiff-Appellant,
v.
LONDON, STETELMAN, AND KIRKWOOD, INC., et al., Defendants-Appellees.
 No. 89-4534.
 United States Court of Appeals,
Fifth Circuit.
 July 24, 1990.
 
 Leonard B. Melvin, Jr., Billie B. Graham, Melvin & Melvin, Laurel, Miss., Halron W. Turner, Edward P. Turner, Turner, Onderdonk & Kimbrough, Chatom, Ala., for plaintiffs-appellants.
 R.E. Parker, Jr., Gail S. Akin, Varner, Parker & Sessums, Vicksburg, Miss., Robert L. Rogers, Gillespie & Rogers, Hattiesburg, Miss., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before BROWN, JOLLY and DAVIS, Circuit Judges.
 E. GRADY JOLLY, Circuit Judge:
 
 
 1
 Johnny C. Carpenter and Harvey E. Hill died of asphyxiation when a fire broke out in their Hattiesburg, Mississippi apartment in the early morning of February 20, 1983. The administrators of the respective estates filed this wrongful death action against the defendants, who are owners and managers of the apartment complex. The administrators appeal the grant of summary judgment to the defendants and contend that the district court erred by holding 1) that the Hattiesburg ordinance that requires the installation of a smoke detector in apartment buildings could be collaterally attacked by the defendants and was invalid for procedural reasons; 2) that the Hattiesburg ordinance that adopted the Southern Standard Building Code did not modify the common law doctrine of caveat emptor and, therefore, imposed no duty upon the defendants to install a smoke detector; and 3) that the absence of a smoke detector was not a latent defect imposing a duty to warn on the defendants. We hold that, under Mississippi law, the smoke detector ordinance may not be collaterally attacked and is valid for the purpose of this action. Therefore, we reverse without the necessity of addressing the remaining issues.
 
 
 2
 * The Christina Townhouse Apartments is a 220-unit, multi-family apartment complex. It was constructed between August 1972 and June 1974 in Hattiesburg, Mississippi. The defendants purchased Christina in 1977 and were the sole owners and managers of the apartment complex at the time of the fire.
 
 
 3
 Between 12:00 a.m. and 2:30 a.m. on February 20, 1983, a fire stemming from a cigarette or cigarette ash broke out in the downstairs living room area of the apartment. Hill, who was occupying the rear upstairs bedroom, and Carpenter and Karen Greer, who were occupying the front upstairs bedroom, were overcome by smoke inhalation and died. The apartment was not equipped with a smoke detector.
 
 
 4
 On March 23, 1983, Margaret Denmark Foster, in her capacity as administratrix of the estate of Johnny Carpenter, filed a diversity wrongful death action against the defendants. Winston Hill and Ila Mae Hill, in their capacity as co-administrators of the estate of Harvey Hill, filed a similar action against the defendants on March 25, 1983. These two actions were later consolidated.
 
 
 5
 In their amended complaint, the plaintiffs alleged that the defendants were negligent in failing to maintain the apartment in a reasonably safe condition by not installing a smoke or fire detection device and by not providing windows of adequate dimensions to permit safe exit; that the defendants violated two city ordinances by failing to install a smoke or fire detection device and by failing to equip the apartment with windows of adequate dimensions; and that the defendants were negligent in failing to warn Carpenter and Hill concerning the absence of a smoke or fire detection device and the existence of inadequate windows.
 
 
 6
 On February 26, 1986, the plaintiffs filed a motion for partial summary judgment asserting that the defendants' failure to equip the apartment with an approved listed smoke detector, as required by Sec. 18.206 of the 1979 Standard Fire Prevention Code (Fire Code),[1] as adopted by City of Hattiesburg ordinance 2021, constituted negligence per se. The defendants filed a cross-motion for partial summary judgment arguing that ordinance 2021 was invalid because it was enacted in violation of the procedural requirements of MISS. CODE ANN. Secs. 21-13-5[2] and 21-19-25.[3] Specifically, they alleged that ordinance 2021 was not read aloud or considered section by section as required by Sec. 21-13-5; that the Fire Code was not printed or typed or reduced to pamphlet form, as required by Sec. 21-19-25; that the Fire Code was not filed or maintained in the City of Hattiesburg Clerk's office, as required by Sec. 21-19-25; and that the Fire Code was not certified to by the clerk of the City of Hattiesburg, as required by Sec. 21-19-25. Therefore, they argued that they had no legal duty to install a smoke detector in the apartment.
 
 
 7
 The district court held an evidentiary hearing on the motions on April 18, 1986. On December 2, 1988, the court entered an order granting the defendants' motion and denying the plaintiffs' motion for partial summary judgment. The court held that, under Mississippi law, ordinance 2021 could be collaterally attacked and was invalid for the reasons asserted by the defendants.
 
 
 8
 On December 13, 1988, the defendants made an oral motion to dismiss the plaintiffs' complaint on the ground that it failed to state a claim upon which relief could be granted. On December 16, 1988, the district court entered an order converting the defendants' motion to dismiss to a motion for summary judgment and directed the parties to file materials in support of and in opposition to this motion. On June 16, 1989, the district court entered an order granting the defendants' motion for summary judgment. The court held that, under the prevailing common law, the defendants had no duty to install a smoke detector; nor were they required to warn Hill and Carpenter of the absence of a smoke detector and windows of inadequate dimensions because these were not latent defects.[4] The court entered a final judgment for the defendants on June 16, 1989, and the plaintiffs timely appealed.
 
 II
 
 9
 We review the district court's grant of summary judgment de novo to determine whether there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. As the case comes to us, there are no disputes of fact, only issues of law. Because this is a diversity case, Mississippi law controls.
 
 
 10
 * We turn first to the question of whether, under Mississippi law, ordinance 2021 may be collaterally attacked. We have not found, nor have any of the parties suggested, any decision in which the Mississippi Supreme Court has addressed whether a municipal ordinance may be collaterally attacked. We must therefore make an "Erie guess" as to how that court would decide this issue. Jackson v. Johns-Manville Sales Corp, 781 F.2d 394, 397 (5th Cir.1986). To assist our effort, we may refer to 1) lower state court decisions and Supreme Court dicta, 2) the lower court ruling in this case, 3) the general rule on the issue, 4) the rules in other states looked to by Mississippi courts when they formulate the substantive law of Mississippi, and 5) other available legal sources, such as treatises and law review commentaries. Id. We note further that, absent evidence to the contrary, we may presume that the Mississippi courts would adopt the prevailing rule if called upon to do so. Id. at 398.
 
 
 11
 Our analysis of the Jackson factors convinces us that Mississippi would preclude a collateral attack against ordinance 2021 under the circumstances of this case. First, the parties have not identified, nor have we found, lower state court opinions[5] or Mississippi Supreme Court dicta addressing this issue. Although the district court held that ordinance 2021 could be collaterally attacked, the cases cited by the district court in support of its holding do not involve collateral attacks and are, therefore, inapposite.[6]
 
 
 12
 The general rule, however, is that "[t]he validity or constitutionality of an ordinance usually can be attacked only directly and not collaterally. Its passage is a legislative act, and public policy forbids that it should be impeached otherwise than in a direct proceeding." 6 E. McQuillin, The Law of Municipal Corporations Sec. 20.14 (3d Ed.Rev.1989). The rule has its purpose in the right generally to presume the regularity of official acts of a municipality and in due process--that is, the municipality must "be afforded an opportunity of being heard in defense of its action in the passing of the ordinance," Bors v. Davis, 6 N.J. Misc. 793, 142 A. 760, 761 (1928). The rule is followed by most states. See e.g., Bors v. Davis, 6 N.J.Misc. 793, 142 A. 760 (1928); Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Co., 100 So.2d 67, 69 (Fla.Dist.Ct.App.1958); Hull v. Detroit Equipment Installation, Inc., 12 Mich.App. 532, 163 N.W.2d 271, 272-273 (1968); Nebraska Department of Motor Vehicles v. Lessert, 188 Neb. 243, 196 N.W.2d 166, 169 (1972); Business Ventures, Inc. v. Iowa City, 234 N.W.2d 376, 380 (Iowa 1975); Forest Preserve District of Dupage County v. Kelley, 69 Ill.App.3d 309, 25 Ill.Dec. 712, 387 N.E.2d 368, 372 (1979); City of Willow Park v. Bryant, 763 S.W.2d 506, 508 (Tx.Civ.App.1988). An ordinance may be collaterally attacked, however, where it is void "in the sense that the city had no constitutional, statutory, or charter authority to enact it." 6 E. McQuillin, Sec. 20.14.
 
 
 13
 We conclude that the Mississippi Supreme Court would follow the general rule that a municipal ordinance may not be collaterally attacked. First, the Mississippi Supreme Court has adopted a related proposition: in a collateral action "minutes of a municipality import verity and ... evidence will not be received ... to vary or contradict such record when regular and complete on its face." Hawkins v. City of West Point, 200 Miss. 616, 27 So.2d 549, 550 (1946) (en banc); see also 5 E. McQuillin, Sec. 14.05. Second, the Mississippi Supreme Court has cited McQuillin, supra, approvingly in numerous other contexts. See, e.g., Great South Fair v. City of Petal, 548 So.2d 1289, 1291 (Miss.1989); In re Validation of $19,800,000 S. Bonds, 534 So.2d 1025, 1032 (Miss.1988); Noble v. Scheffler, 529 So.2d 902, 906 (Miss.1988). Finally, since we have found no evidence to the contrary, we must presume the Mississippi Supreme Court would follow the prevailing rule.
 
 
 14
 Applying the general rule to the facts of this case, we hold that ordinance 2021 may not be collaterally attacked. In their motion for partial summary judgment, the appellees alleged only that the ordinance was invalid because it was not adopted in conformance with the procedural requirements of MISS. CODE ANN. Secs. 21-13-5 and 21-19-25.[7] This type of collateral attack is invariably precluded.[8] Therefore, we hold that ordinance 2021 is valid for the purposes of this action.B
 
 
 15
 Having held that ordinance 2021 may not be collaterally attacked and that it is valid for the purposes of this action, we now turn to the question whether the plaintiffs are entitled to a jury instruction of negligence per se. The plaintiffs are entitled to such an instruction only if the defendants' failure to install a smoke detector was in violation of ordinance 2021, Carpenter and Hill were members of the class sought to be protected by the ordinance, and the harm they suffered is of the type the passage of the ordinance sought to prevent. Haver v. Hinson, 385 So.2d 605, 608 (Miss.1980). The defendants argue that, although ordinance 2021 requires an approved smoke detector--which they stipulated the Christina Apartments did not contain--the ordinance also provides an "existing condition" exception that is applicable to them since the apartments were constructed before the adoption of ordinance 2021 in 1980. Section 1.03 of the Fire Code provides:
 
 
 16
 The provisions of this Code shall apply equally to new and existing conditions except that existing conditions not in strict compliance with the requirements of this Code may be permitted to continue if it can be proven that they do not constitute a distinct hazard to life or property. (Emphasis added.)
 
 
 17
 First, although we agree with the defendants that the absence of an approved smoke detector in the apartments was an "existing condition," on the record before us there are no facts which, even in the most remote sense, could establish that the failure to install a smoke detector in the apartment did not endanger the lives of the occupants in the event of fire. Indeed, it is difficult to envision any apartment dwelling, in which its occupants are expected to sleep, that would not require a smoke alarm in order to minimize fire hazard. Some dwellings may be more hazardous than others, but in each case the fire hazard to its occupants is measurably reduced by a properly functioning smoke alarm. We, therefore, conclude that as a matter of law, the defendants' failure to install a smoke alarm constituted "a distinct hazard to life and property." See Younger v. United States, 662 F.2d 580, 583 (9th Cir.1981). Second, no exposition is required for the conclusion that a tenant in an apartment dwelling is a member of a class protected by the installation of a device designed to save the tenant from injury or death, and that death by fire is the sort of harm that a smoke alarm, and the ordinance requiring it, seeks to prevent. We conclude, therefore, that because ordinance 2021 requires a smoke detector in the Christina Apartments, because the defendants failed to satisfy that requirement, and because the plaintiffs are intended beneficiaries of the ordinance, the plaintiffs are entitled to an instruction of negligence per se.[9]
 
 
 18
 We, therefore, reverse the summary judgment granted below and remand for further proceedings not inconsistent with this opinion.
 
 
 19
 REVERSED and REMANDED.
 
 
 
 [1]
 Section 18.206 provides, in relevant part:
 a. Every dwelling and every dwelling unit within an apartment house, dormitory, condominium, townhouse, motel and hotel and every basement or cellar within such dwellings shall be provided with an approved listed smoke detector installed in accordance with the manufacturer's recommendation and listing. When actuated, the detector shall provide an audible alarm. The smoke detectors shall be tested in accordance with and meet the requirements of UL 217, Single and Multiple Station Smoke Detectors.
 
 
 [2]
 MISS. CODE ANN. Sec. 21-13-5, which was repealed effective July 1, 1987, provided:
 All ordinances shall be read and considered by sections at a public meeting of the governing authorities. The vote on their final passage shall be taken by both "yeas" and "nays," which shall be entered on the minutes by the clerk. A vote shall never be taken on any ordinance not previously reduced to writing.
 
 
 [3]
 MISS. CODE ANN. Sec. 21-19-25 provides, in relevant part:
 Any municipality within the State of Mississippi may, in the discretion of its governing authorities, adopt building codes, plumbing codes, electrical codes, gas codes, sanitary codes, or any other codes dealing with general public health, safety or welfare, or a combination of the same, by ordinance, in the manner herein prescribed. Before any such code shall be adopted, it shall be either printed or typewritten, and it shall be presented in pamphlet form to the governing authorities of the municipality at a regular meeting. The ordinance adopting such code shall not set out said code in full, but shall merely identify the same. The vote on passage of said ordinance shall be the same as on any other ordinances. After its adoption, such code shall be certified to by the mayor and clerk of the municipality, and shall be filed as a permanent record in the office of the clerk, who shall not be required to transcribe and record the same in the ordinance book as other ordinances. It shall not be necessary that such ordinance adopting such code or the code itself be published in full, but notice of the adoption of such code shall be given by publication in some newspaper of the municipality for one time, or if there be no such newspaper, by posting at three or more public places within the corporate limits....
 
 
 [4]
 The appellants do not challenge the district court's holding that windows of inadequate dimensions are not a latent defect
 
 
 [5]
 It is not surprising that the parties have not identified any lower state court opinions because Mississippi does not have an intermediate appellate court and its trial court opinions are not published
 
 
 [6]
 Luter v. Oakhurst Associates, Ltd., 529 So.2d 889 (Miss.1988) and Gatlin v. City of Laurel, 312 So.2d 435 (Miss.1975) involved direct attacks against municipal zoning ordinances. City of Biloxi v. Cawley, 278 So.2d 389 (Miss.1973) involved a defense to a suit by the City of Biloxi to enforce an ordinance authorizing the annexation of property
 
 
 [7]
 In their brief to this court, the appellees assert that the city's failure to comply with the requirements of Secs. 21-13-5 and 21-19-25 deprived them of due process. To the extent the appellees level a constitutional challenge to the ordinance, they have raised this argument for the first time on appeal and, therefore, we refuse to consider it
 
 
 [8]
 Yet, even assuming Mississippi would permit ordinance 2021 to be collaterally attacked on the ground the City of Hattiesburg failed to comply with MISS. CODE ANN. Secs. 21-13-5 and 21-19-25, we would note that the district court erred by permitting the defendants to introduce parol evidence for this purpose without first determining that the minutes of the August 26, 1980 commission meeting at which the ordinance was adopted were not regular and complete on their face. Such a finding is a precondition to admitting parol evidence in a collateral action. Hawkins, 27 So.2d at 550; see 5 E. McQuillin, Sec. 14.07
 
 
 [9]
 Because we hold that the plaintiffs are entitled to a negligence per se instruction for the defendants' violation of ordinance 2021, we need not decide whether the defendants had a duty to install a smoke alarm on any other basis