GRIFFIS, J„
for the Court.
¶ 1. Shawna M. Caver and John T. Caver appeal the decision of the Board of Supervisors of Jackson County, Mississippi (the “Board”) that granted a zoning variance to William L. McKelvain. Finding error, we reverse and render.
FACTS
¶ 2. Prior to March of 2004, McKelvain purchased a single family residence on the Pascagoula River. The residence was located on a lot that had dimensions of sixty-five feet wide and two hundred feet deep. McKelvain’s property was bordered by a road on the front, the Pascagoula River to the rear, and a lot to each side. The Cavers owned one of the lots adjacent to McKelvain. When McKelvain purchased the property, his house was situated sixteen and one-half feet from the Cavers’ *353 property line and seven and one-half feet from the other property line.
¶ 3. In March of 2004, McKelvain’s house burned down. Thereafter, McKel-vain began to rebuild his house. He did not rebuild in the burned footprint of his house. Instead, he tried to “center” his house on the property. To do so, the plans called for McKelvain’s house to be built twelve and one-half feet from each adjacent property line. ’ McKelvain learned that this would violate the- Jackson County zoning plan, which requires houses be built at least twenty feet from each adjacent property line. This zoning requirement was not in effect at the time that McKelvain’s original house was built, and his house had been grandfathered in, as many houses in the subdivision were, when the zoning ordinances were passed.
¶ 4. McKelvain requested a variance from the Jackson County Planning Commission. The Commission approved the variance. The Cavers appealed the decision to the Jackson County Board of Supervisors. The Board voted to uphold the Commission’s decision. The Board did not discuss the reasons it voted to uphold the decision.
¶ 5. The Cavers then appealed the decision to the Circuit Court of Jackson County. After a hearing, the circuit court upheld the decision to grant the zoning variance. From the circuit court’s decision, the Cavers appealed to the Supreme Court and such appeal was deflected here for our consideration.
STANDARD OF REVIEW
¶ 6. The standard of review in zoning cases is whether the action of the board or commission was arbitrary or capricious and whether it was supported by substantial evidence. Broadacres, Inc. v. City of Hattiesburg, 489 So.2d 501, 503 (Miss.1986). A reviewing court in a zoning matter does not sit as a “superzoning commission.” City of Biloxi v. Hilbert, 597 So.2d 1276, 1280 (Miss.1992). In fact, “the zoning decision of a local governing body which appears ‘fairly debatable’ will not be disturbed on appeal, and will be set aside only if it clearly appears the decision is arbitrary, capricious, discriminatory, illegal or is not supported by substantial evidence.” Id. The party challenging the decision bears the burden of proof. McWaters v. City of Biloxi, 591 So.2d 824, 827 (Miss.1991).
ANALYSIS
¶ 7. The Cavers allege that McKel-vain’s variance is not permitted under the zoning ordinances. Article I, Section 2, of the Jackson County zoning ordinance provides that a “variance” is a:
modification of the literal provisions of this ordinance which the Planning Commission is permitted to grant when strict enforcement of said provisions would cause undue hardship (such hardship cannot be self-created or of an economic nature) owing to circumstances unique to the individual property on which the variance is sought.
The Cavers allege that McKelvain failed to show any undue hardship, and without this showing, the Board failed to abide by the County’s zoning ordinance. They argue that the Board “may not ignore but must abide by the restrictions of all applicable zoning ordinances.” Noble v. Scheffler, 529 So.2d 902, 907 (Miss.1988).
¶ 8. The zoning ordinance required that there must be a hardship affecting the property for a modification to be granted, and the hardship cannot be self-created. The record does not include the Board’s rationale for the decision to grant a variance. However, the absence of such findings does not warrant reversal. Barnes v. *354 DeSoto County Bd. of Supervisors, 553 So.2d 508, 511 (Miss.1989). When such specific findings of fact are not made by the municipal authority, as here, the reviewing court must look to the record to determine if the decision is supported by the evidence. Faircloth v. Lyles, 592 So.2d 941, 945 (Miss.1991).
¶ 9. The subdivision was designed before these particular set-back requirements were created. Thus, when the zoning ordinance was passed by the Board, McKel-vain’s house was in violation of the setback requirements. The ordinances grandfathered in McKelvain’s house and any other houses that violated the newly enacted set-back restrictions.
¶ 10. Neither party disputes the fact that McKelvain could have rebuilt his home on the original footprint without any problems. The issue here is whether the fact that MeKelvain’s house burned created a basis for a variance, i.e., creates an undue hardship, that would allow the residence to be rebuilt in different position on the lot. At the Board’s hearing, McKel-vain stated that to rebuild in the original footprint would only require him to redraw the plans, which would cost $530. McKel-vain also stated he could change the dimensions to suit whatever the Board suggested. McKelvain said that if he wanted to “center” the house on the lot, without a set-back variance, the house could still be twenty-five feet wide. The current front and rear setback lines would allow the house to be up to 140 feet long without a setback variance.
¶ 11. The zoning ordinance established a standard for a variance. A variance merely for the convenience of a landowner is not sufficient. Westminster Presbyterian Church v. City of Jackson, 253 Miss. 495, 506, 176 So.2d 267, 272 (1965). From the record before us, there is no evidence that McKelvain will suffer an undue hardship if the variance is denied. Indeed, the decision to grant a variance was for McKelvain’s convenience. The variance would allow McKelvain to move the location of his house as he desires and not because of an undue hardship. The Board must uphold the ordinance and may not ignore its requirements. Noble, 529 So.2d at 907. Accordingly, this Court finds that this issue was not fairly debatable, and the decision to grant the variance was arbitrary and capricious. Therefore, we reverse and render the judgment of the Circuit Court of Jackson County, Mississippi.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY AFFIRMING THE DECISION OF THE BOARD OF SUPERVISORS OF JACKSON COUNTY GRANTING A ZONING VARIANCE IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.