LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Jourdan River Estates (Jourdan River) owns two-hundred-and-sixty-nine acres in Kiln, Mississippi, which is located in Hancock County. The property in question is accessed by way of Nicola Road, which is located north of Interstate 10 directly off of Highway 603. There is another entrance to the Jourdan River property off of Crump Road, which is also directly off of Highway 603. In early 2007, Jourdan River submitted a proposal to the Hancock County Planning and Zoning Commission (the Commission) requesting rezoning of the property from A-l General Agricultural to a Waterfront Special Use District. Jourdan River planned to develop a 1,000-unit condominium complex and a 130-slip marina. The Commission approved Jourdan River’s request, but two local property owners, Scott Favre and Jefferson Parker (collectively Parker), appealed this decision to the Hancock County Board of Supervisors (the Board). The Board then denied Jourdan River’s request.
 

 ¶ 2. In early 2008, Jourdan River resubmitted its plans to the Commission for approval. The new plans, which did not call for rezoning, reduced the number of condominium units from 1,000 to 472, and it changed the marina to a yacht club. The yacht club included construction of a three-to-five-acre yacht basin. Under A-1, condominiums require planning commission approval, but a yacht club is considered a “permitted use by right.” After a
 
 *465
 
 hearing on the matter, the Commission unanimously approved Jourdan River’s proposal. Parker appealed to the Board. The Board conducted a hearing; then it took the matter under advisement in order to review the record. The Board approved the plan, subject to several conditions, the most significant that the Hancock County Engineer approve the plans for the road providing ingress and egress for the development.
 

 ¶ 3. Parker subsequently filed a bill of exceptions in the Hancock County Circuit Court. The circuit court affirmed the Board’s decision. Parker now appeals, asserting four issues that we have reordered as follows: (1) the Board erred by failing to articulate specific findings; (2) the Board erred in approving a yacht club as a “permitted use by right;” (3) the record does not contain substantial evidence to support the Board’s decision; and (4) the Board erred by declining to make findings regarding access to the property where a finding of adequate access is specifically required by the zoning ordinance.
 

 STANDARD OF REVIEW
 

 ¶ 4. “Unlike decisions to zone or re-zone, which are legislative in nature, decisions on requests for special exceptions are adjudicative, and a reviewing court thus subjects such decisions to the same standard as is applied to administrative agency adjudicative decisions.”
 
 Hearne v. City of Brookhaven,
 
 822 So.2d 999, 1002 (¶ 9) (Miss.Ct.App.2002). This Court will not disturb an administrative agency’s findings “unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights.”
 
 Johnson v. Miss. Employment Sec. Comm’n,
 
 767 So.2d 1088, 1090 (¶ 7) (Miss.Ct.App.2000) (citing
 
 Sprouse v. Miss. Employment Sec. Comm’n,
 
 639 So.2d 901, 902 (Miss.1994)).
 

 DISCUSSION
 

 I. SPECIFIC FINDINGS
 

 ¶ 5. Parker argues that this Court should reverse and remand this case for the Board to make specific findings supporting its decision. However, in
 
 Barnes v. Board of Supervisors, DeSoto County,
 
 553 So.2d 508, 511 (Miss.1989), the Mississippi Supreme Court found that although the Board should have made specific findings of fact, the evidence in the record supported the Board’s decision. The supreme court stated that “granting the conditional use permit and imposing conditions upon the granting of that permit, [was] tantamount to a finding of fact by the DeSoto County Board of Supervisors ....”
 
 Id.
 
 The absence of findings does not necessarily warrant reversal.
 
 Caver v. Jackson County Bd. of Supervisors,
 
 947 So.2d 351, 353 (¶ 8) (Miss.Ct.App.2007). We must review the record to determine whether the Board’s decision was supported by substantial evidence.
 
 Id.
 
 at 354 (¶ 8). Based upon our review, we find that this issue is without merit.
 

 II. YACHT CLUB
 

 ¶ 6. Parker argues that Jourdan River’s 2008 application simply relabeled the marina as a yacht club/yacht basin in order to meet the zoning requirements under A-l. According to the local zoning ordinances, a marina is defined as “a boat basin, harbor or dock, with facilities for berthing and servicing boats, including bait and fishing tackle shop and eating establishments.” Neither yacht club nor yacht basin is defined in the zoning ordinance. The Commission commented that a yacht club would include a basin to dock boats and access to and from this area. Jourdan River contends that the yacht
 
 *466
 
 club is private and will not permit fueling or repair services on the premises.
 

 ¶ 7. Parker focuses on the fact that the plans submitted by Jourdan River in 2008 included references to a marina as well as the original drawing of the proposed marina from the 2007 rezoning application. The record is clear that Jourdan River decided to submit the original plans in an effort to save money since the yacht club would be located in the same spot as the marina.
 

 ¶ 8. “[T]he best interpretation of what the wording in the ordinance means is the manner in which it is interpreted and applied by the enacting and enforcement authorities.”
 
 Faircloth v. Lyles,
 
 592 So.2d 941, 945 (Miss.1991). From the record, it is clear that the Commission and the Board concluded that a yacht club includes a basin to dock boats and access to and from this area. This issue is without merit.
 

 III. SUBSTANTIAL EVIDENCE
 

 IV. ADEQUATE ACCESS
 

 ¶ 9. Parker next contends that the Board’s decision to grant the conditional-use permit for the condominiums was not supported by substantial evidence. Specifically, Parker argues that Jourdan River failed to prove that the project would have sewer and water service and that there was adequate access to the area.
 

 ¶ 10. In regard to conditional-use permits, Hancock County Zoning Ordinance 411.01-02 provides as follows:
 

 The uses listed in the chart are permitted upon approval of location and the site plane thereof by the planning commission as being appropriate with regard to transportation and access, water supply, waste disposal, fire and police protection, and other public facilities, as not causing undue traffic congestion or creating a traffic hazard and as being in harmony with the orderly and appropriate development of the district in which the use is located.
 

 Additionally, Section 905.03 of the zoning ordinance enumerates several factors that “shall be established where applicable as necessary” in order not to cause an adverse effect on “other properties in the neighborhood.”
 

 ¶ 11. According to testimony presented by Jourdan River at the time of the hearing before the Board, the property already had a water line running toward it. The record contains a letter submitted by Jour-dan River from Southern Regional Waste-water Management District indicating its willingness to treat wastewater from the development. There is also a letter from the Hancock County Water and Sewer District indicating that it would service the development’s sewage needs. However, on the day of the hearing before the Board, Parker presented another letter, dated the day of the hearing, which stated that the Hancock County Water and Sewer District no longer had the capacity to handle the sewage needs of the development. The letter stated that the development was outside the District’s area. Jourdan River asserts that this letter was not authorized.
 

 ¶ 12. Shortly after the hearing, Jourdan River submitted two letters to the Board, one from the Hancock County Utility Authority that demonstrated it would provide wastewater treatment services to the development, and one from the Kiln Water and Fire Protection District that indicated its approval. The letter from Kiln Water noted that the city of Kiln did not have adequate water service in the area of the development but anticipated it in the near future. According to testimony at the time of the hearing, a sewer treatment plant in Kiln was under construction. Al
 
 *467
 
 ternatively, Jourdan River presented testimony that it was prepared to construct and operate a decentralized system for water, sewer collection, and sewer treatment.
 

 ¶ 13. Although sewer and water service is only one of the factors to consider when approving a conditional-use permit, we find that there was substantial evidence in the record to support the Board’s decision.
 

 ¶ 14. In regard to the access issue, Parker contends that the Board did not make the required findings regarding access to the development. In its decision, the Board approved the conditional-use permit with certain restrictions:
 

 1. That the developer submit plans and specifications for the construction of a road to provide ingress/egress for this development that will adequately handle the volume of traffic to the fully proposed development (includes all phases) as determined and approved by the County Engineer; and
 

 2. That the developer post a Performance Bond for the benefit of the County to insure the construction of said road for ingress/egress, and the amount of said bond shall be based upon the anticipated cost of construction of said road as determined by the County Engineer; and
 

 3. Must be in full compliance with all regulations and requirements that may be imposed by the Hancock County Utility Authority; and
 

 4. That Crump Road not be used for ingress or egress to the development except for emergency vehicles and emergency purposes.
 

 Parker’s sole argument is that because the Board failed to make specific findings regarding access to the development, the Board’s decision violated the zoning ordinance and is arbitrary and capricious. Parker contends that the Board should have denied the conditional-use permit rather than issuing the permit subject to the submission of additional information. In
 
 Barnes,
 
 the Board granted the conditional-use permit with certain restrictions, similar to the situation in the present case.
 
 Barnes,
 
 553 So.2d at 511. As previously stated, we will not automatically reverse the Board for granting the conditional-use permit subject to certain restrictions.
 
 See Caver,
 
 947 So.2d at 353 (¶ 8).
 

 ¶ 15. The deed to Jourdan River’s property includes an easement for access, which ends at the terminus of Nicola Road. According to a survey commissioned by the Hancock County Engineer, Hancock County had been maintaining Nicola Road up to the point where Jourdan River’s easement begins. Neel-Schaffer Engineering performed a traffic analysis of the area that included diagrams of Nicola Road showing sufficient width to expand the road. This analysis demonstrated that Nicola Road was the safest and most effective means of ingress and egress to the property. We find that the Board’s decision to grant the conditional-use permit subject to certain restrictions is tantamount to a finding of fact that all questions were answered and found in favor of Jour-dan River. This issue is without merit.
 

 ¶ 16. The circuit court was correct in affirming the Board’s decision; therefore, we affirm the court’s judgment.
 

 ¶ 17. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.